EX PARTE ROBERT L. MCCAIN.

No. 24499. June 24, 1949.

*Prewett & Pogue,* Corpus Christi, and *Sam M. Russell,* Stephenville, for appellant.

*Ernest S. Goens,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

This is an appeal from the order of the District Court 94th Judicial District, Nueces County, wherein the trial court refused an application for writ of habeas corpus to discharge the defendant from a peace bond fixed by a proceeding in the justice court.

The record is not clear as to the status of appellant at the time of the hearing before the district judge, or at the present time, other than as reflected by John B. Harney, Sheriff of Nueces County, in his answer in the cause from which this comes. He says: "I respectfully state that I have in my custody and under restraint the said R. L. McCain according to the statement in his petition. I took and now detain the said

R. L. McCain by virtue of the authority of the order of B. A. Carter, Justice of the Peace, Precinct 1, * * *. I now bring before your Honor in obedience to said order, the person of R. L. McCain."

The statement of facts before us is in question and answer form and cannot be considered under the statute, other than that which is found as an exhibit which contains the testimony presented to the justice of the peace and considered by him as the basis for the judgment entered by him.

It is reflected that appellant is a school teacher, that he was engaged in some controversy with at least some members of the school board, of whom the prosecuting witness was one. The prosecuting witness was employed at an industrial plant. Appellant went to the plant and asked permission to see the witness whose name is Douglas. The permission was granted and Douglas went to the car of appellant where they discussed some of the matters for a few minutes. Apparently their conversation was amicable and, near the conclusion of this, appellant said, "I am going to tell you something. I don't know what you'll do about it. You might whip me for this, but I have teeth knocked out from fighting and, anyway, I swore that if you ever went against me or that I lost faith in you that I would kill you, and I have come to your house on several occasions to do just that." After this Douglas got out of the car and told McCain that he was not a school man, that he was a promoter. With this their conversation was closed. He says that McCain was not mad or sore, and that they were having no heated argument whatsoever. Douglas does say that after he left it scared him and he believed that McCain might carry that threat into execution. Douglas said that he knew "* * * the nature, character and disposition of McCain with reference to whether or not he is the type of a person who, under certain circumstances, will do violence to another." He said he acted partly upon that knowledge in filing the complaint asking for a peace bond, but there is no evidence as to what that character, etc., is. The record further discloses that McCain went to the home of Douglas on Wednesday night following the above related conversation on Friday night. They had a peaceful conversation and no mention was made of the conversation of the Friday night before.

So far as we can find from the record, the foregoing is the sole and only evidence upon which the justice of the peace entered his order placing appellant under a peace bond. There

is no evidence in the record of surrounding circumstances which would throw light on the statements of appellant to Douglas further than the absence of any effort to do Douglas harm. The conversation on Wednesday night, following the Friday night visit, is significant. Douglas was not afraid to talk to McCain on the occasion of the visit at his home, and no transaction thereafter is related in the statement of facts other than that Douglas and other members of the school board had a conversation about it, as a result of which the proceedings were filed. What somebody else thought about it and what Douglas thought about the character and disposition of the man should not be construed against McCain. The law is dealing with what McCain himself does. In our view of the record, the language is wholly insufficient to constitute a threat. There is no evidence that he intended to do the things which he told Douglas he once had in mind to do. In the absence of a serious threat to do something presently or in the future the law will not support an order for a peace bond. See Article 1267, Vernon's Ann. P. C., Article 75, Vernon's Ann. C. C. P., and annotations thereunder. See also Brown v. State, 154 S. W. 2d 464, and Ex parte Schmidt, 167 S. W. (2d) 1026.

The judgment of the trial court is reversed and respondent is directed to release relator from custody by reason of the order of the Justice of the Peace of Precinct No. 1, Nueces County, Texas, which said order is hereby specifically declared to be without authority of law.